Bcharfauros.RES

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500 Sirena Plaza
238 Archbishop Flores Street
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
JUN 22 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BENJAMIN U. CHARFAUROS, <br><br> Defendant. | CRIMINAL CASE NO. 06-00041 <br><br> RESPONSE TO DEFENDANT'S STATEMENT OF OBJECTIONS TO DRAFT FINDINGS OF PSI REPORT |

## RESPONSE TO DEFENDANT'S STATEMENT OF OBJECTIONS TO DRAFT FINDINGS OF PSI REPORT

Defendant pled guilty on October 20, 2006 to the offense of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. §1951(a). A draft Presentence report was prepared on May 31, 2007. On June 20, 2007, defense filed an objection to the draft Presentence Report. The Government files this response.

**Statement of the Facts**

On July 28, 2006, defendant Benjamin U. Charfauros and Michael Giminez entered the Giant Panda Store in Tamuning. The store was attended by a Cashier, Ms. Wei Zhung. Giminez took a .45 caliber semi-automatic firearm from underneath his shirt, pointed it at the Cashier's

-1-

abdomen and demanded for money. Giminez opened the cash register and Benjamin U. Charfauros took cash from the register tray. Giminez forced the Cashier to lay on the floor. Benjamin U. Charfauros then searched the desk and drawers for other items of value. At this point, a customer, Mr. Wang Zhi Zheng entered the Giant Panda Store. He was talking on a cell phone and did not notice the robbery in progress. The Cashier tried to warn Mr. Zheng that a robbery was in progress by gesturing with her hands. Giminez then pointed the gun at Mr. Zheng. Benjamin U. Charfauros tied Mr. Zheng up using a telephone cord. Both men left the store and fled in a white Mazda.

When police arrived, they noted that Ms. Zhung exhibited signs of fear - she was visibly shaking and hysterical. Later, Ms. Wei Zhung positively identified Benjamin U. Charfauros as one of the men who committed the robbery. Giminez' girlfriend, Ray Ray Villanueva was interviewed by police. She tells police that Giminez is the brother of Sean School, he is armed, and that he (Giminez) will do anything to prevent his apprehension.

On August 3, 2006, Benjamin U. Charfauros was sighted at Sugo Naya Game Room, Mangilao (unrelated charge). They located Giminez at his residence. Police entered and saw Giminez standing on a stool attempting to hide a .45 caliber firearm in a ceiling panel. Giminez told police that Benjamin U. Charfauros was in the house. Benjamin U. Charfauros was found hiding underneath a kitchen sink. When discovered, Charfauros held onto the cabinet and kicked the officers to prevent being extricated by police.

The .45 caliber contained three unexpended ammunition rounds. The firearm was reported stolen on April 22, 1998 in Guam Police Department Report 98-07321. (Owner: Willie O. Atoigue, 144 Tenorio Lane, Agana, employed with PWC Navy)

The Giant Panda Store has since closed down and the victims have not been contacted.

Defendant Benjamin U. Charfauros argues that he will present mitigating facts and asks the District Court should impose a lesser sentence from the guideline calculation of 168-210 months (Level 30, Criminal History Category VI) to 70-87 months (Level 20, Criminal History

Category VI). The Government files this response.

### Extraordinary Physical Abuse As a Child

Title 18 U.S.C. § 3553(b) states that the Court shall impose a sentence set forth in the guidelines "unless the Court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." This provision is reflected in the U.S.S.G. 5K2.0, that these characteristics can be taken into consideration provided they are "exceptional". A Court may consider, without limitation, any information concerning the background, character and conduct of the defendant. U.S.S.G. 1B1.4 and 18 U.S.C. § 3661. The determination of whether a case is extraordinary is a determination left to the District Judge.

Defense cites several cases which demonstrate tragic examples of "extraordinary" abuse of defendants, which in some of the cases cited, warrant a downward departure. In U.S. v. Roe, 976 F.2d 1216 (9th. 1992), a defendant who had committed a robbery alleged a history of abuse in mitigation as follows: her mother was a prostitute and drug addict, her mother beat her up, her mother's boyfriend was a drug dealer, she was beaten with cords and hangers, she was raped and sodomized by her mother's boyfriend. On one occasion, he beat her into submission and while she lay on the floor, urinated into her mouth. She was forced by her mother to transport drugs from Oregon to California. When she was 12 years old, she ran away to Las Vegas where she was raped, forced into prostitution and beaten by pimps and customers. At sentencing, a psychologist testified that her condition was severe and that is as a result of this history, she was "virtually a mindless puppet". Roe, at 1218. The Court deemed this to be an extraordinary history of child abuse and neglect.

Defendant Charfauros relates a tragic youth that he has been subjected to violence and that the defendant's father would place the barrel of a gun into his mouth when he was angry. "The burden of proof at sentencing falls on the party seeking to adjust the offense level." United

-3-

States v. Howard, 894 F.2d 1085 (9th Cir. 1990). The Sentencing Guidelines instruct that the Court must also consider that the U.S.S.G. §5H1.12 which instructs that lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted. Additionally, U.S.S.G. §5H1.3 instructs that mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, they are however relevant in determining the conditions of supervised release.

Under the standards of Roe, it appears the abuse Charfauros has been exposed to does not appear to be the "extraordinary". A downward departure is not warranted.

### "Super" Acceptance of Responsibility

Defense cites exemplary cases where a defendant's actions merit decreases. Unlike these exemplary defendants, defendant Charfauros has not voluntarily reported his misconduct to police, demonstrated self improvement years before he was arrested, dipped into his life savings to pay restitution, admitted guilt to other crimes, sought governmental advice prior to action, admitted to crimes the government had no knowledge of, disclosed a hidden identity, turned himself in voluntarily, resigned his position and went to the FBI, placed himself at risk, accepted responsibility in a trial of another person, continued to plead guilty in the face of a favorable suppression ruling, or proved extraordinary drug rehabilitation. He has simply accepted responsibility. His acceptance of responsibility has merited him a two level decrease as well as an additional one level decrease pursuant to 3E1.1(b). This recognition is appropriate given the facts of this case.

### 5K1.1

The Government intends to establish at sentencing a record of the defendant's 5K1.1 compliance.

### CONCLUSION

The Government submits that the abuse that Charfauros has been subjected to does not rise to the level of extraordinary abuse as that in Roe. He has certainly experienced a

-4-

disadvantaged upbringing and has not received guidance as a youth. However, the determination whether this circumstance is extraordinary is left to the proper discretion of the District Court. Last, the Government intends to make a record of the defendant's 5K1.1 compliance at Sentencing.

DATED this 22nd day of June, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney